UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
MIGUEL MOURE,                       )
                                    )
    Petitioner,                     )
                                    )
v.                                  )   Civil No. 14-13577-LTS
                                    )
SEAN MEDEIROS,                      )
                                    )
    Respondent.                     )
_____)

MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS

November 25, 2014

SOROKIN, J.

Petitioner Miguel Moure filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. The respondent has moved to dismiss the petition. Doc. No. 7. Because the petition is untimely under 28 U.S.C. § 2244(d), the respondent's motion is ALLOWED, and the petition is DISMISSED.

I.    BACKGROUND

On December 11, 1995, a jury in the Hampden County Superior Court convicted Moure of being an accessory before the fact to murder. Doc. No. 1 at 1. He was sentenced to life imprisonment without the possibility of parole. Id. Moure appealed, and the Massachusetts Supreme Judicial Court affirmed his conviction on November 4, 1998. Doc. No. 8-2 at 2; Commonwealth v. Moure, 701 N.E.2d 319, 325 (Mass. 1998).

Almost fourteen years later, on October 15, 2012, Moure filed a motion seeking a new trial in state court. Doc. No. 8-1 at 2. That motion was denied on March 8, 2013. Id. at 3.

Moure appealed that denial to a single justice of the Supreme Judicial Court, who denied the petition on September 30, 2013.  Doc. No. 8-3 at 1-2.

Moure filed his federal habeas petition on September 8, 2014.  Doc. No. 1.  In it, he asserts two claims for relief.  First, he argues that his Sixth Amendment right to a public trial was violated when the public was excluded from voir dire of potential jury members.  Id. at 5.  Second, he asserts that his trial counsel was ineffective in his failure to object to the exclusion of the public during jury selection.  Id. at 7.  Moure states that he did not challenge the exclusion of the public or the inefficacy of his trial counsel on direct appeal, but points to the ineffective assistance of his appellate counsel as the cause of his failure to raise those claims at that time. Id. at 6-7.

The respondent moved to dismiss the petition on the ground that Moure's petition is untimely under the statute of limitations contained within 28 U.S.C. § 2244(d).  Doc. No. 8 at 2.  The respondent further argues that there are no circumstances that warrant equitable tolling of the statute of limitations.  Id. at 4.  Moure has opposed the motion to dismiss.  Doc. No. 9.

II.     DISCUSSION

Moure's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to AEDPA, a habeas petition filed "by a person in custody pursuant to the judgment of a State court" is governed by "[a] 1-year period of limitation," running "from the latest of":

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

2

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. § 2244(d)(2).

Moure's conviction became final on February 2, 1999, ninety days after the Supreme Judicial Court affirmed his conviction, when his time for seeking certiorari in the United States Supreme Court expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012); Sup. Ct. R. 13(1). As such, Moure was required to seek federal habeas review within one year of that date. See Gonzalez, 132 S. Ct. at 653-54. He failed to do so. His petition, therefore, is untimely unless the record establishes either that statute of limitations began to run from one of the later events listed in 28 U.S.C. § 2244(d)(1)(B)-(D) or that the statute of limitations was tolled for a significant amount of time after his conviction became final.

Moure has not claimed, nor do the facts set forth in his petition demonstrate, that the limitation period began any later than February 2, 1999. He has cited no state-created impediment that prevented timely filing of his petition nor newly discovered facts upon which his claims turn. See § 2244(d)(1)(B), (D). As to a newly recognized constitutional right, it appears that Moure intends to rely on Presley v. Georgia, 558 U.S. 209 (2010), in support of his Sixth Amendment public trial claim. Even if Moure were to argue that Presley set forth a newly recognized constitutional right—which he does not—that argument would fail because the constitutional right in question in Presley was not newly recognized. In Presley, the Court itself noted that the extension of "the Sixth Amendment [public trial] right [] to jury voir dire . . . is

well settled under Press–Enterprise I and Waller." Presley v. Georgia, 558 U.S. 209, 213 (2010) (per curiam) (citing Press–Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 U.S. 501 (1984) and Waller v. Georgia, 467 U.S. 39 (1984)); see also Silva v. Roden, 951 F. Supp. 2d 222, 226 (D. Mass. 2013). Accordingly, the statute of limitations began to run when Moure's conviction became final on February 2, 1999.

Further, Moure cannot avail himself of the statutory tolling provision of § 2244(d)(2) to arrest the running of the statute of limitations. While Moure points out that he filed his federal habeas petition within one year of the resolution of his appeal of the denial of his 2012 motion for a new trial, the statute of limitations had already run long before that date. As the First Circuit has noted, "[s]ection 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (quoting Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001)). The statute of limitations had already run by the time that Moure filed his motion for a new trial, so the tolling provision in § 2244(d)(2) had no effect.

Likewise, Moure has not demonstrated his case presents the sort of extraordinary circumstances that justify equitably tolling the limitation period. "A habeas petitioner bears the burden of establishing the basis for equitable tolling." Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010). Moure has not argued that equitable tolling applies nor has he set forth facts demonstrating "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." See Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). While he does allege that his trial and appellate counsel were ineffective, he does not articulate how his former lawyers' inefficacy prevented him from filing a federal habeas petition for nearly

4

sixteen years. See Holmes, 685 F.3d at 62 ("[T]he 'extraordinary circumstance' must be one that actually caused the untimely filing. . . . The advice given to Holmes by his counsel, regardless of its level of alleged incompetence, did not 'st[an]d in his way and prevent [the] timely filing' of his habeas petition.") (quoting Holland, 560 U.S. at 649).

Accordingly, Moure filed his federal petition years too late, and he is unable to rely statutory or equitable tolling to avoid that conclusion.

III. CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss is ALLOWED, and Moure's untimely habeas corpus petition is DISMISSED.

SO ORDERED.

　/s/ Leo T. Sorokin　
Leo T. Sorokin
United States District Judge